October 3, 1928. The opinion of the Court was delivered by
The main cause herein involves the liquidation of the People's Federation Bank of Charleston, S.C. wherein Charles W. Waring was appointed Receiver. By petition filed in the cause, dated February 5, 1927, the District Grand Lodge No. 13, of South Carolina, Grand United Order of Odd Fellows (referred to herein as the "lodge"), asked the Court to construe a contract between the Lodge and the bank, and to direct the Receiver of said bank to pay over to the Lodge the full amount of the deposit in the bank, referred to in the petition, contending that the Lodge was entitled to a preference as to said deposit. The Receiver in his answer denied that the Lodge was entitled to preferential payment.
The parties having entered into a stipulation as to the facts involved, the matter was submitted to Judge William H. Grimball, at his chambers, at Charleston, for a hearing. After a full hearing and due consideration, his Honor, Judge Grimball, issued a decree directing the Receiver to pay over to the Lodge the sum in question, $20,071.73, with interest. From this decree and judgment, the Receiver has appealed to this Court, and asks a reversal upon the grounds set forth in the exceptions. *Page 109 
For a full understanding of the questions involved in the appeal, we quote herewith the contract between the parties and the stipulation as to the facts in the case. We call attention to the fact that no question of unlawful preference is raised in the return to the petition and there is no testimony on the question.
 CONTRACT
"The State of South Carolina.
"Memorandum of agreement made this 2d day of June, nineteen hundred and twenty-six, by and between the People's Federation Bank of Charleston, S.C. hereinafter styled the party of the first part, and District Grand Lodge No. 13, Grand United Order of Odd Fellows in South Carolina, hereinafter styled the party of the second part, witnesseth:
"Whereas, the party of the second part has on deposit in the People's Federation Bank of Charleston, S.C. the sum of twenty thousand seventy-one and 73/100 ($20,071.73) dollars, subject to the rules and regulations of said bank; and
"Whereas, the party of the second part is willing to deposit five thousand dollars more in said account to its credit in said bank, provided the party of the first part is willing to secure said deposit; and
"Whereas, the party of the first part is willing to secure said deposit, and has agreed to do so.
"Now this agreement further witnesseth:
"That the party of the first part hereby pledges and delivers to the party of the second part as collateral security for said deposit the bond of N.H. Collins, et al., trustees of Bethel A.M.E. Church, to the People's Federation Bank, dated the tenth day of June, 1921, to secure the payment of thirty thousand dollars as therein set forth, together with the mortgage securing same, which said mortgage is dated the tenth day of June, 1921, and is duly recorded in the office *Page 110 
of the register of mesne conveyance for Richland County, S.C. in Volume C.J., page 69.
"It is distinctly understood and agreed by the parties hereto that the party of the first part shall alone have the right to collect the principal and interest due on said bond and mortgage and shall have the right, if necessary or advisable, to foreclose said bond and mortgage in its own name: Provided, however, that the said party of the first part shall promptly notify the said party of the second part of any collections on the principal of the said bond and mortgage, and should at any time the amount due on the principal of said mortgage be less than the amount on deposit, that then the party of the first part agrees to furnish additional collateral of sufficient value to protect said deposit.
"And, it is further agreed, that in case it is necessary to foreclose said mortgage that the party of the first part shall have the right to require possession of the said bond and mortgage upon furnishing to the party of the second part other collateral of similar value in their place and stead.
"It is further understood and agreed that this delivery of said bond and mortgage is simply as a pledge or collateral security for the said deposit, and should the said deposit be withdrawn in accordance with the rules of said bank, that then the party of the second part shall forthwith return the said collateral to the party of the first part, and should the said party of the second part under the rules of said bank withdraw any substantial part of said deposit, that then and in that case the said party of the first part shall then have the right to withdraw the said security and substitute other collateral of value equal to the amount remaining on deposit in said bank.
"In witness whereof the parties hereto have duly executed this agreement by their proper officers the day and year first above written. *Page 111 
 "The People's Federation Bank, "By J.E. Beard, President, "Wm. H. Johnson, Cashier. "Grand United Order of Odd Fellows, "By I.J. McCottrie, D.G.M., "H.H. Butler, D.G.S.
"In the presence of: "F.R. Blanchard. "Chris. F. Simmons. "George Pugh. "Lizzie Buchanan."
 STIPULATION
"The undersigned attorneys, representing the petitioner and respondent in the above-entitled cause, do hereby stipulate and agree that the facts hereinbelow set forth shall constitute an agreed statement of facts in said cause.
"1. That the People's Federation Bank was a banking corporation created under the laws of the state of South Carolina, and was engaged in general banking business on or about the 2d day of June, 1926, in the City of Charleston, S.C. and that said bank closed its doors on the 7th day of September, 1926, and was thereafter declared insolvent, and Charles W. Waring was duly appointed receiver to liquidate said bank by an order of the Court of Common Pleas for Charleston county, dated September 25, 1926.
"2. That on or about the 2d day of June, 1926, the District Grand Lodge No. 13, Grand United Order of Odd Fellows of South Carolina, had on deposit in the savings department in said People's Federation Bank of Charleston, S.C. the sum of nineteen thousand eight hundred seventy-three ($19,873.00) dollars.
"3. That on or about the 2d day of June, 1926, an agreement was entered into between the petitioner and respondent herein, a true copy thereof having been attached to and made a part and parcel of the answer of respondent. *Page 112 
"4. That the District Grand Lodge No. 13, Grand United Order of Odd Fellows of South Carolina, did not make any deposit of June, 1926, but the interest accruing on said savings deposit as of July 1, 1926, amounting to one hundred ninety-eight and 73/100 ($198.73) dollars, was credited to the deposit and brought the same up to twenty thousand and seventy-one and 73/100 ($20,071.73) dollars as of July 1, 1926, and that its deposit hereinabove referred to was the same on September 7, 1926, the day the bank closed, as it was on July 1, 1926.
"5. That no further agreements of any kind or character have been entered into between the parties herein in respect to the said deposit.
 "J.I. Washington, "Attorney for Petitioner, District Grand Lodge No. 13, Grand United Order of Odd Fellows of S.C. "Waring Brockinton, "Attorneys for Respondent, Charles W. Waring, Receiver of the People's Federation Bank of Charleston, S.C.
"Dated June 2, 1927."
We agree with the conclusion reached by Judge Grimball, and for the reasons stated in the decree issued by his Honor, the exceptions are overruled, and it is the judgment of this Court that the judgment of the Circuit Court be affirmed.
MR. CHIEF JUSTICE WATTS and MR. JUSTICE STABLER concur.